UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY P. WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-11765-NMG |
| ) | |
| MERRILL LYNCH, PIERCE, ) | |
| FENNER & SMITH INC., et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS

November 30, 2011

SOROKIN, M.J.

Pending is the Motion to Dismiss of the Defendants. Docket # 5. I RECOMMEND that the Motion be ALLOWED IN PART AND DENIED IN PART, for the following reasons.

I. FACTUAL AND PROCEDURAL BACKGROUND

The following factual allegations are drawn from the Complaint. Docket # 1-1.

On June 1, 2005, Wood was contacted by a recruiter from Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") in New York and was offered employment with Merrill Lynch at a yearly compensation of $40,000.[1] Complaint at ¶ 7. Wood was initially employed by Merrill Lynch as a licensed sales assistant working under the direct supervision of Defendants Curtis and Palmer.

---

[1] In the Complaint, Wood incorrectly identifies Merrill Lynch as Banc of America Investment Services, Inc.

Id. at ¶ 8. Wood was compensated at $36,000 per year but was promised an additional $4,000 per year in compensation by Curtis upon passage of her NASD Series 7 exam. Id. Wood subsequently passed the exam but was denied the pay increase. Id.

Wood was assigned to sit in the upstairs hallway near Curtis and Palmer, while the other Merrill Lynch employees were located downstairs. Id. at ¶ 9. On numerous occasions between June 13, 2005, and September 2008, Curtis made comments of a sexual nature to Wood that interfered with her ability to perform her work. Id. at ¶¶ 10-11. Several times prior to September 2008, Wood informed Curtis and Palmer's superiors, Defendants Kelly and Burns, about the sexual harassment and hostile work environment. Id. at ¶ 12. No action was taken by Kelly or Burns and Wood's requests for transfers from the department were ignored or refused. Id.

Wood filed a written complaint of sexual harassment and her compensation which was sent to Kelly and Burns on January 11, 2008. Id. at ¶ 13. Kelly met with Wood on January 13, 2008, regarding Wood's complaint and, after meeting with Curtis, told Wood that it was all set. Id. Wood states that the complaint resulted in nothing more than the institution of an earlier morning arrival time which was enforced solely against Wood. Id.

In June 2008, Kelly warned Wood about her tardiness. Id. at ¶ 14. A second warning was issued in July 2008. Id. Wood was required to send an email upon her arrival. Id. at ¶ 15. No other employee at Merrill Lynch of Wood's status was required to so report. Id. Wood proposed that she make a phone call instead of email because there were times when her computer would take some time to boot up and her emails were not timely. Id. This request was refused. Id. Following her complaint, Wood received her first unfavorable performance review. Id. at ¶ 16. All previous reviews had met or exceeded expectations. Id.

In September 2008, Burns and Kelly terminated Wood's employment, ostensibly for tardiness. Id. at ¶ 18. Wood states that she was in fact terminated in retaliation for complaints of sexual harassment. Id. On June 18, 2009, Wood filed a sexual harassment complaint with the Massachusetts Commission Against Discrimination. On August 31, 2001, Wood filed the instant Complaint with the Superior Court for the Commonwealth of Massachusetts in Barnstable County. Docket # 1-1 at 2. Defendants removed the action to this Court on October 5, 2011. Docket # 1.

Defendants now seek to dismiss Counts VI (negligent infliction of emotional distress) and VII (breach of contract) of the Complaint in their entirety, and Counts III, IV, V, and VI as they relate to Palmer under Fed. R. Civ. P. 12(b)(6) and 12(c).

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, _ U.S _, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 49 n.3 (1st Cir. 2009) ("The standard for evaluating a motion to dismiss is the same as that for a motion for judgment on the pleadings."). The court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary

to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S. Ct. at 1949. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1949) (alterations omitted).

III. DISCUSSION

A. Negligent Infliction of Emotional Distress

The Complaint advances claims of negligent infliction of emotional distress in Count VI against all defendants. The parties are in agreement that Count VI must be dismissed against the employer Merrill Lynch. Defendants concede that the claim progresses against Curtis because there is a fact question as to whether Curtis's actions were within the course of his employment. Defendants argue that Wood's sole remedy for her claims of negligent infliction of emotional distress against Kelly and Burns is under the Worker's Compensation Act ("WCA"), Mass. G.L. ch. 152, §§ 24 and 26, and, therefore, Count VI of the Complaint must be dismissed against these defendants.

The exclusivity clause of the WCA provides that:

An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable

4

> under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of this contract of hire, written notice that he claimed such right[.]

Mass. G.L. ch. 152, § 24. In the absence of such written notice, as is the case here, Mass. G.L. ch. 152, § 26 bars common law actions against employers where the plaintiff is shown to be an employee, her condition is shown to be a personal injury within the meaning of the WCA, and the injury is shown to have arisen out of and in the course of her employment. Maxwell v. AIG Domestic Claims, Inc., 950 N.E.2d 40, 53 (Mass. 2011). The WCA defines "personal injury" to include "mental or emotional disabilities only where the predominant contributing cause of such disability is an event or series of events occurring within any employment." Mass. G.L. ch. 152, § 1(7A). The WCA also provides an exclusive remedy against coemployees who engage in tortious conduct within the course of their employment. Saharceski v. Marcure, 366 N.E.2d 1245, 1246 (Mass. 1977); Brown v. Nutter, McClennen & Fish, 696 N.E.2d 953, 956 (Mass. App. Ct. 1998).

While substantial case law holds that the exclusivity clause of the WCA bars claims for negligent infliction of emotional distress against individual defendants, in each case the matter was decided pursuant to a motion for summary judgment. Foley v. The Proctor & Gamle Distrib. Co., No. 01-11314-RWZ, 2003 WL 2169544, at *5 (D. Mass. July 21, 2003); Morehouse v. Berkshire Gas Co., 989 F. Supp. 54, 65 (D. Mass. 1997); Ruffino v. State St. Bank & Trust Co., 908 F. Supp. 1019, 1048-49 (D. Mass. 1995); see Green v. Wyman-Gordon Co., 664 N.E.2d 808, 814 (Mass. 1996) ("There is no question that an action for negligent infliction of emotional distress that is <u>not</u> the result of a bona fide personnel action is barred by the exclusivity provisions of the workers' compensation act.") (emphasis in the original). To what extent the WCA bars Wood's claims against Kelly and Burns for negligent infliction of emotional distress presents arguable fact

5

questions that are not properly resolved at this juncture.

Accordingly, I RECOMMEND that the Court DISMISS Count VI as to Merrill Lynch and ALLOW Count VI as to Curtis, Kelly, and Burns.

B. Breach of Contract

In Count VII of her Complaint, Wood alleges that she had a contract with Merrill Lynch, which Merrill Lynch breached by terminating her employment and by failing to pay her as promised. Complaint at ¶¶ 40-42. At the hearing, Plaintiff clarified that she was claiming only breach of the failure to pay. Defendants conceded that, as refined, this claim survives. In any event, as to this theory, Wood has stated sufficient facts concerning her breach of contract claim to survive a motion to dismiss. Wood asserts that she accepted an offer of employment from Merrill Lynch at a yearly rate of compensation of $40,000, Merrill Lynch failed to pay her at this agree upon rate, and a resulting lower salary. Complaint at ¶¶ 7-8.

Accordingly, I RECOMMEND that the Court DENY the Motion as to Count VII as refined by counsel.

C. Defendant Palmer

Wood concedes that she alleges no facts in support of her claims against defendant Palmer and, thus, fails to satisfy her burden under Twombly, as to Palmer. However, Wood requests leave to amend as she says the allegations regarding Palmer were omitted "inadvertently." Accordingly, I RECOMMEND that the Court ALLOW the Motion and DISMISS Counts III, VI, and V as to Palmer, but permit Wood ten days from the date of the Court's decision to file a motion to amend with a copy of the attached proposed pleading and ten further days for defendants to file a response to the motion to amend.

IV.     CONCLUSION

For the foregoing reasons, I recommend that the Court ALLOW IN PART AND DENY IN PART the Defendants' Motion to Dismiss. I further recommend that Count VI be DISMISSED as to Merrill Lynch and Counts III, VI, and V be DISMISSED as to Defendant Palmer.[2]

                                                       /s / Leo T. Sorokin
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The Parties are hereby advised that under the provisions of FED. R. CIV. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).